IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION


ASHLEY BROOKE DEATON                                                    PLAINTIFF


v.                                      CIVIL NO. 22-cv-5066


KILOLO KIJAKAZI, Acting Commissioner                        DEFENDANT
Social Security Administration

## <u>MEMORANDUM OPINION</u>

Plaintiff, Ashley Brooke Deaton, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her applications for DIB and SSI on January 22, 2017. (Tr. 1387). In her applications, Plaintiff alleged disability beginning on June 18, 2013, due to post traumatic stress disorder, major depressive disorder with anxious stress, failed vaginal reconstruction with misplaced mesh, rectocele, enterocele, right knee pain from osteoarthritis, neck pain from degenerative disc disease, back pain from a broken back, discoid lupus erythematosus, fecal incontinence, and nerve damage. (Tr. 1387, 1789). An administrative hearing was on August 13, 2018, at which Plaintiff appeared with counsel and testified. (Tr.

1

1256–98). A vocational expert ("VE") also testified. *Id.* At this hearing, Plaintiff amended her alleged onset date to August 1, 2015. (Tr. 1258).

On December 4, 2018, the ALJ issued an unfavorable decision. (Tr. 1384–1410). Plaintiff requested review of this decision, and on May 28, 2020, the Appeals Council remanded her case to the ALJ. (Tr. 1411–14). A second administrative hearing was held telephonically on November 20, 2020, at which Plaintiff testified and was represented by counsel. (Tr. 1217–1255). A VE also testified at this hearing.

On December 18, 2020, the ALJ issued an unfavorable decision. (Tr. 11–31). The ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2019. (Tr. 13). The ALJ found Plaintiff suffered from the severe impairments of: residuals from failed abdominal surgery,[1] headaches, bilateral arm numbness, degenerative joint disease of the right knee, degenerative disc disease, incontinence, sciatic pain, obesity, post-traumatic stress disorder, pain attacks, and a mood disorder. (Tr. 13–14). The ALJ found that Plaintiff's obstructive sleep apnea was a non-severe impairment, and that her alleged impairments of lupus, arthritis, and fibromyalgia were not medically determinable impairments as she had negative bloodwork results for lupus and arthritis and had never had her possible fibromyalgia diagnosed after finding tender points. The ALJ found that Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 14–16). The ALJ found that Plaintiff had the RFC to:

> [P]erform light work as defined in 20 CFR 404.15679(b) and 416.967(b) except
> the claimant can only occasionally climb, stoop, kneel, crouch, and crawl. The

---

[1] While the ALJ refers to this surgery a failed abdominal surgery, his discussion in the RFC makes clear that he is referring to Plaintiff's surgery in which the pelvic mesh failed. (Tr. 19).

claimant can perform occasional overhead reaching for one-third of the workday. The claimant would need regular breaks with a restroom facility available. The claimant would need to work inside a climate-controlled environment without extreme temperatures. The claimant can perform frequent reaching and grasping, meaning 2/3 of the workday. Mentally, the claimant is limited to unskilled work with an SVP of two or less. The claimant can understand, follow, and remember concrete instructions. Contact with supervisors and coworkers/employees would be superficial, but she can work near coworkers/employees. The claimant can meet and greet when dealing with the public, but the work being performed should be unrelated to the public and not related to contact with the public.
(Tr. 16-22)

The ALJ found Plaintiff was unable to perform any of her past relevant work. (Tr. 22). With the assistance of the VE, the ALJ found Plaintiff could perform the representative occupations of silver wrapper or routing clerk. (Tr. 23). The ALJ found Plaintiff had not been disabled as defined by the Act from August 1, 2015, through December 18, 2020, the date of the decision. (Tr. 23–24).

Subsequently, Plaintiff filed this action. (ECF No. 2).  This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 16, 21).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In

other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) whether the ALJ's RFC finding of light exertional capacity was supported by substantial evidence; 2) whether the ALJ's assessment of Plaintiff's mental impairments followed the paragraph B and C criteria; 3) whether the ALJ violated the Appeals Council order which remanded this case; and 4) whether the ALJ erred by failing to give proper weight to Plaintiff's treating physicians. (ECF No. 21). Defendant argues the ALJ's RFC findings were supported by substantial evidence, including evidence that Plaintiff's incontinence was infrequent after undergoing a corrective surgery and physical therapy in 2014; and further, the ALJ accounted for this limitation in limiting Plaintiff to indoor work with access to facilities and regular breaks. Defendant argues the ALJ did not err in finding the paragraph C criteria were not satisfied, and that there were no signs of marginal adjustment. Defendant argues the ALJ properly considered Plaintiff's mental impairments, considering Plaintiff's treatment record as a whole including that periods of worsening were related to situational stressors, and her ability to participate in activities such as traveling to Texas and the Caribbean, going on cruises, caring for pets and herself, and socializing. Defendant argues the ALJ properly evaluated the medical opinion evidence, affording greater weight to nonexamining physician's opinions because Plaintiff's treating physicians offered opinions that were inconsistent with their own treatment notes, the course of treatment, lack of hospitalizations, and Plaintiff's reported activities. Finally, the Defendant argues the VE testimony was substantial evidence, and Plaintiff's assertion that it was error to not allow further questioning of the VE fails to offer any conflict that her attorney was denied the opportunity to question the VE about.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. The ALJ's assessment of Plaintiff's impairments and the limitations she experienced were well reasoned, and consistent with the treatment records, and her self-reported activities. For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 25th day of April 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE